# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Chapter 11 |
| QUANTEGY, INC., et al.,[1] | Case No. 05-80042-DHW (Jointly Administered) |
| Debtors. | |
| DOROTHY S. GRADY, MARY ANN HUTCHINSON, *et al.*, | |
| Plaintiffs on behalf of themselves and all others similarly situated, | |
| v. | Adv. Proc. No. 05-8002-DHW |
| QUANTEGY, INC., | |
| Defendant. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUANTEGY, INC., | |
| Intervenor. | |

## MEMORANDUM OPINION

On January 19, 2005, the plaintiffs filed this class action complaint against Quantegy, Inc. for alleged violations of the Worker

---

[1] The debtors are the following: Quantegy Inc., QM Inc., Quantegy International Inc., Quantegy Acquisition Corp., Quantegy Holdings Inc., GoProAudio.com, Inc., GoProDirect.com, Inc. and Quantegy Media Corp.

Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. §§ 2101-2109. On March 29, 2005, Mary Ann Hutchinson, a named plaintiff, filed a timely class proof of claim in the underlying bankruptcy case. On May 5, 2005, the court granted the April 15, 2005 motion of the Official Committee of Unsecured Creditors to intervene as a party defendant in this adversary proceeding (Doc. #29).

The committee filed a motion on December 27, 2005 (Doc. #40) to dismiss this adversary proceeding, to deny class certification, and for partial summary judgment. On January 3, 2006, the plaintiffs filed a motion for summary judgment (Doc. #43).

The motions were set for hearing on January 30, 2006. At the hearing Max A. Moseley appeared on behalf of the committee, and Mary E. Olsen and M. Vance McCrary appeared on behalf of the plaintiffs.

## Jurisdiction

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring all title 11 matters to this court. Further, because this adversary proceeding is essentially a claim against the bankruptcy estate, this is a core proceeding under 28 U.S.C. § 157(b)(2)(B) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Undisputed Facts

On and prior to December 31, 2004, the defendant was an employer as defined by the WARN Act. On that day the defendant closed its plant and laid off a sufficient number of its employees to invoke the "plant closure" and "mass layoff" provisions of the WARN Act. *See* 29 U.S.C. § 2101.

Prior to December 31, 2004, the defendant gave no notice to

2

its employees of the impending plant closure or mass layoff. On December 31, 2004, the defendant issued the following statement to local authorities and for voice recording:

> *Quantegy Inc. has ceased operations pending restructuring. This is due to financial issues that have plagued the industry and Quantegy for some time.*
>
> *All employees are on lay off pending further notice.*
>
> *Some essential staff will be required for safety and other functions. These individuals will be contacted directly.*

In addition, on December 31, 2004, Quantegy posted a sign on its factory and office doors and on other entrance ways. The sign read:

> *Notice*
>
> *Quantegy Inc. Factory and Headquarters are closed until further notice pending financial restructuring.*
>
> *All Employees are on lay off pending further notice For information please call _____.*
>
> *No Trespassing*

Exhibit A, Committee's Objection To Plaintiffs' Motion for Summary Judgment.

## Contentions of the Parties

Under the WARN Act a covered employer may not order a plant closure or mass layoff without 60 days written notice to each affected employee. 29 U.S.C. § 2102(a). The plaintiffs contend that the

3

defendant violated the WARN Act by failing to give the requisite 60 days notice.[2]

The defendant does not dispute the lack of prior notice to affected employees. The defendant contends that a reduced notice period was permissible under section 2102(b)(1) and (b)(2)(A) of the WARN Act.[3]

The plaintiffs respond that the defendant does not meet the requirements for relying on the exceptions provided by the Act. An employer relying on the exceptions must (1) give as much notice as is practicable and (2) at the time of notice "give a brief statement of the basis for reducing the notification period." 29 U.S.C. § 2102(b)(3). The plaintiffs contend that the defendant did not meet these requirements and therefore may not avail itself of the defenses provided by the Act.

---

[2] They seek damages provided by the Act, including wages and ERISA benefits for 60 days following their termination. 29 U.S.C. § 2104.

[3] The section allows an employer to reduce notice under certain circumstances. Plant closure or mass layoff may occur without providing employees 60 days notice if 1) the employer is actively seeking capital or business that, if obtained, will enable the employer to avoid or postpone a closure/layoff and the employer reasonably believes that notice to employees will thwart its ability to obtain the sought after capital or business or 2) the closure/layoff is due to business circumstances that were not reasonably foreseeable in time to give the otherwise required 60-day notice. *See* 29 U.S.C. § 2102(b)(1) and (b)(2)(A). These exceptions to the 60-day notice requirement are often referred to as the "faltering business" and "unforeseeable circumstances" defenses.

4

Conclusions of Law

I. <u>Committee's Motion to Dismiss, to Deny Class Certification, and Motion for Partial Summary Judgment</u>

    A. Motion to Dismiss – Duplication of claims process

The committee moves to dismiss this adversary proceeding on the ground that it is duplicative of the claims process and therefore a wasteful and inefficient means to determine the claims of affected employees. The committee argues that claims filed by affected employees under 11 U.S.C. § 501 will be allowed as filed unless objected to by a party in interest. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. Proc. 3001(f). The committee contends that the claims process is a more efficient method of determining employees' claims than is this adversary proceeding.

At first blush, the committees' contention is not without appeal. An objection to a claim is a contested matter governed by Fed. R. Bankr. Proc. 9014. Under that rule, most of the service and discovery rules applicable to adversary proceedings are also applicable to contested matters. Therefore, an adversary proceeding could be unnecessary as merely duplicative of the claims process.[4]

Yet, upon closer review, the court is of the opinion that this adversary proceeding should not be dismissed on that ground. This adversary proceeding is distinctive in that it was filed as a class action. Fed. R. Bankr. Proc. 23 (governing class actions) is applicable to an adversary proceeding. However, Rule 23 is not applicable to a

---

[4] However, the Bankruptcy Rules recognize that an objection to a claim may constitute an adversary proceeding: "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding. Therefore, where relief overlaps, the rules give deference to the vehicle of an adversary proceeding.

5

contested matter. Fed. R. Bankr. Proc. 9014. Though the court can direct that Rule 23 apply to a contested matter, a claim does not become a contested matter unless and until an objection to the claim is filed. The filing of an adversary proceeding enables the creditor to invoke the provisions of Rule 23 without waiting for the debtor to object to its claim. Therefore, an adversary proceeding may be the most expeditious vehicle for processing this claim as a class action.

In addition, an adversary proceeding is maintained in a separate electronic file. The docket sheet for the underlying bankruptcy case of Quantegy, Inc. has almost 700 docket entries. From an administrative standpoint, the adversary proceeding is a convenient method of segregating the pleadings germane to the class proof of claim.

The court concludes that the motion to dismiss the instant adversary proceeding as duplicative of the claims process is due to be denied.

> B. Motion to Deny Certification —
> Untimeliness of class certification and Inability of an employee to maintain WARN Act action as a class

Next, the committee moves to deny class certification on the basis of untimeliness because the plaintiffs did not move for class certification prior to the bar date for filing claims. In effect, the committee argues that to allow participation in any distribution by non-named class members, who did not file timely claims, dilutes the recovery of other creditors who did.

However, the Eleventh Circuit has allowed class certification to proceed under facts very similar to those of the instant case. *See In re The Charter Company*, 876 F.2d 866 (11th Cir. 1989). In *Charter*, the plaintiffs in federal class action securities litigation against the debtor filed a timely class proof of claim in the bankruptcy case. The debtor did not object to the claim for almost two years – well after the bar

6

date for filing claims. After the debtor objected, the plaintiffs promptly moved for class certification.

The Eleventh Circuit held that class proofs of claim are allowable and that class certification after the bar date was permissible where the class had filed a timely claim. *Id*. The court also noted that, absent an adversary proceeding, a claimant has no opportunity to move for class certification until the debtor objects to the claim. *See Charter*, 876 F.2d at 874.

In the instant case, the claimants filed a timely class proof of claim. The claimants also filed this class action adversary proceeding only 9 days after the bankruptcy case was filed. The delay in seeking class certification was not due to any fault of the claimants but instead to an agreement reached between the parties.

Early in this proceeding and prior to the intervention of the committee, the parties suggested and the court agreed that the issue of class certification be deferred until after the issue of the defendant's liability was determined. All concurred that the assets of the estate would be wasted in litigating the issues surrounding class certification if the defendant ultimately prevailed on the issue of damages. Therefore, the delay in certification is not due to any fault of the plaintiffs, and it would be manifestly unjust as well as contrary to the law of the Eleventh Circuit to deny them the opportunity to certify the putative class.

Further, the court notes that the class representatives filed, prior to the claims bar date, claims on behalf of the putative class. The filing of these claims undercuts the committee's argument regarding the dilution of the claims of other creditors who filed timely claims. Here, although liability has yet to be determined, the class has filed a timely claim.

The committee also contends that an employee may not

prosecute a WARN Act claim as a class action. In support of that contention the committee points to the holding of the court in *Bailey v. Jamesway Corp. (In re Jamesway Corp.)*, 1997 Bankr. LEXIS 825, 1997 WL 327105 (Bankr. S.D. N.Y. 1997). The *Jamesway* court examined the following language of the WARN Act: "[a] person seeking to enforce [WARN Act] liability, including a representative of employees . . . may sue either for such person or for other persons similarly situated, or both, in any district court of the United States." 29 U.S.C. 2104(5)(a); *see Jamesway*, 1997 WL 327105 at 3. The court concluded that this language does not confer class action standing on an employee without regard to the due process protections accorded to unnamed class members under Fed. R. Civ. Proc. 23. To that extent, this court agrees with the holding in *Jamesway* on that issue. *Jamesway* did not prohibit the plaintiffs from attempting to establish a right to proceed as a class under Rule 23.

This court construes the above-quoted statutory language to permit an employee, in conjunction with Rule 23, to prosecute a violation of the WARN Act as a class action. However, even in the absence of that language, the WARN Act does not *prohibit* an employee from prosecuting a claim as a class action.

In the absence of a prohibition, the court is not aware of any reason why a proceeding under the WARN Act would not "normally be litigated pursuant to the federal rules." *Charter*, 876 F.2d at 872. "Given that Rule 23 would normally be applicable," "class relief is appropriate in civil actions brought in federal court." *Id*.

    C. Motion for partial summary judgment — to deny administrative status of plaintiffs' attorney's fees:

Finally, the committee seeks partial summary judgment on the issue whether the plaintiffs are entitled to administrative expense status for their attorney's fees. This issue is one solely of law.

An administrative expense is "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). In this matter, plaintiffs' counsel has done nothing to preserve the estate for the benefit of creditors. Plaintiffs' counsel is merely prosecuting claims against the bankruptcy estate on behalf of their clients. As a matter of law, plaintiffs' counsel are not entitled to administrative status with respect to their fees. The plaintiffs have conceded this point. The defendant is entitled to partial summary judgment on this issue.

---

II. Plaintiffs' Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. Proc. 7056(c).

The plaintiffs request summary judgment on the issue of whether the defendant may avail itself of the defenses provided by section 2102(b) of the WARN Act. The plaintiffs contend that the defendant has not met the requirements of the Act for relying on the defenses. The statute states as follows: "An employer relying on [the defenses] shall give as much notice as is practicable and at that time shall give a brief statement of the basis for reducing the notification period." 29 U.S.C. § 2102(b)(3).

The issue here whether the notices given by Quantegy to its employees contained a brief statement of the basis for reducing the 60-day notice period. For the reasons that follow, the court concludes they did not.

Neither the statute nor the implementing regulations define

9

"brief statement" or provide instruction for what a "brief statement" must contain. *See* 29 U.S.C. § 2102; 20 C.F.R. § 639.9 (2004). Courts have looked to the purposes of the statute for aid in determining whether an employer's notice meets the requirements of the statute. *See Organogenesis, Inc. v. Andrews*, 331 B.R. 500 (D. Mass. 2005).

The Ninth Circuit considered the purpose of the statute in its entirety, acknowledging that it is "difficult to ascertain" the purpose for the brief statement "from either the language of the statute or its legislative history." *Alarcon v. Keller Industries, Inc.*, 27 F.3d 386, 389 (9th Cir. 1994). The Ninth Circuit then concluded that the "purpose in requiring a brief statement must have been to provide employees with information that would assist them in determining whether the notice period was properly shortened." *Id.* at 389.

Another court has discerned a second purpose: the "requirement focuses employers on the statutory conditions that must be met to reduce the notice period by prohibiting employers from relying on a vague justification for giving shortened notice." *Grimmer v. Lord Day & Lord*, 937 F. Supp. 255, 257 (S.D. N.Y. 1996). The court reasoned that "[i]f an employer must set forth specific facts in its notice in order to rely on a statutory exception, it is more difficult for one who does not truly qualify for the exception to invoke it."

In the instant case, neither of the notices provided by Quantegy contains a statement, brief or otherwise, "of the basis for reducing the notification period." The notice posted on the factory doors merely states that the plant is "closed until further notice pending financial restructuring."

The notice provided to local authorities explains that the cessation in operations is "due to financial issues that have plagued the industry and Quantegy for some time." However, this statement does not explain a reduced notice period. To the contrary, an employee might wonder why notice was reduced, given that the financial issues

necessitating the closing had been plaguing Quantegy for "some time."

Because the notice provided by Quantegy did not contain a brief statement of the basis for reducing the notice period, Quantegy is not entitled to rely on the defenses provided by the statute, and the plaintiffs are entitled to summary judgment on that issue. 29 U.S.C. § 2102(b)(3).

Conclusion

For the foregoing reasons, the court concludes that the defendant's motion to dismiss is due to be denied, the defendant's motion to deny class certification is due to be denied, and the defendant's motion for partial summary judgment is due to be granted.

The court further concludes that the plaintiffs' motion for summary judgment is due to be granted on the issue of the defendant's liability under the WARN Act.

Done this 17th day of March, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Mary E. Olsen, Attorney for Plaintiffs
Cameron A. Metcalf, Attorney for Debtor
Max A. Moseley, Attorney for Creditors' Committee